HUGHES *v.* BOND, et al.

No. 42715          June 10, 1963          154 So. 2d 281

*Talbot, Sullivan & Dunbar,* Clarksdale, for appellant.

*Holcomb & Curtis,* Clarksdale, for appellee.

Lee, P. J.

The master, appointed by the court to hear this controversy, held, in effect, that after the release of Jack Reeves from the contract which the parties to this lawsuit or their predecessors in title had entered into with him concerning their growing and his sale and disposition of honey dew melons, the parties hereto, because of the subsequent existing conditions, became joint adventurers; that there was no agreement between them as to how losses would be shared because, as a matter of fact, at no time did they seem to contemplate the occurrence of losses; and that, since no provision was made for the sharing of losses, and losses necessarily had to be satisfied before any profits could be taken, the net losses in this adventure should be prorated to the parties to this suit as follows, namely, one-third to Hughes, one-third to Bond & Rothfuss, and one-third to L. F. Foreman. The master's report and opinion was adopted by the chancellor, and a decree, in accordance with its terms, was entered.

Appellant, Vernon T. Hughes, contends that the court's formula of contribution was wrong, and that, on the contrary, it should have been in relation to the individual profit participation or interest of each individual.

Actually the record shows that, when Reeves was unable to carry out his part of the contract, the situation of the growers underwent a complete change. In the first place, they assumed the outstanding expenses which Reeves had incurred. In the second place, in order to dispose of their products, the growers had to assume liability for all costs of harvesting, packaging, and shipping, together with the payment of a commis-

sion of fifteen cents per carton to the brokers to get the melons sold. Obviously until all expenses had been paid, there could be no profits. That was the difficulty which they encountered. The total expenses far exceeded the total receipts from the sale of melons; and the weather became so bad and the price fell so low that over half of the acreage, principally owned by Hughes, was not even harvested. It is true that most of the shipped melons were grown by Bond & Rothfuss and L. F. Foreman, but this was not on account of a preference to them. It was because their melons matured earlier and those grown by Hughes were later maturing because of a later planting. If Hughes' melons had matured first, they would of course have been marketed first, and the status of the parties would have been reversed. It must be kept in mind that if, under the prevailing circumstances, all of Hughes' acreage had been marketed, the net loss would have been much greater. When the original rosy picture of profits to be amassed from this novel adventure faded into stark financial catastrophe, these parties evidently did their best to minimize the losses with which reality brought them face to face, but their best was not good enough to avert a substantial loss.

It will suffice to say that, since the operation resulted in a net loss, the members of the venture were liable for the losses in the proposition as adjudged by the master and the court. This case is governed by the principles stated in Boxwell v. Champagne, 229 Miss. 355, 91 So. 2d 256; Sample v. Romine, 193 Miss. 706, 8 So. 2d 257; 48 C. J. S., Joint Adventures, § 11, at p. 839; 30 Am. Jur., Joint Adventures, § 45, pp. 971-2.

The decree of the trial court was manifestly correct, and must be affirmed.

Affirmed.

*Kyle, Arrington, Ethridge, and Gillespie, JJ.,* concur.